UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FIRE FIGHTER SALES AND SERVICE CO. dba All Lines Technology,** | ) ) ) ) | **CASE NO.1:13CV2322** |
| Plaintiff, | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | ) ) | |
| **TOTAL SYSTEMS INTEGRATION, INC.,** | ) ) ) | **OPINION AND ORDER** |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Fire Fighter Sales and Service Co. d/b/a All Lines Technology's ("All Lines") Motion for Partial Summary Judgment (ECF # 26). For the following reasons, the Court grants Plaintiff's Motion.

All Lines and Defendant Total Systems Integration, Inc. ("TSI") have worked together on a number of contracts. At issue in this Motion is a purchase order to supply wireless telecommunications equipment for a project with Northwestern Schools in 2013. All Lines supplied the equipment and TSI installed it. Plaintiff's Amended Complaint alleges All Lines supplied all products under the purchase order, therefore, it is entitled to

$469,183.46 as per the terms of the purchase order. All Lines contends TSI is withholding payment to Plaintiff on the Northwestern project because TSI alleges All Lines owes TSI money for other projects the two companies worked on. TSI is seeking to set-off the Northwest monies owed All Lines to satisfy monies TSI alleges its owed on other projects. Plaintiff's Motion seeks summary judgment on the funds its owed on the Northwestern project, contending there are no issues of fact, that the money is owed per contract and Defendant cannot withhold payment due to disputes over nonpayment on other accounts.

Defendant contends granting summary judgment for Plaintiff will handicap attempts to resolve the entire dispute of the parties. Defendant argues that holding the funds owed on the Northwestern project affords Defendant its only security on its own counterclaims for unpaid invoices on several separate projects the parties have worked on over the years. Also, TSI contends there are issues of fact concerning All Lines' untimely delivery of the purchase order products. Lastly, Defendant argues that, should the Court grant partial summary judgment for Plaintiff on Count I, the Court should withhold ordering payment until all the claims in the case are resolved.

### Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); and the court must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986).  Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim.  *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.  This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact.  *Betkerur v. Aultman Hosp. Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

## Law and Analysis

Having considered the Motion, briefs and evidence, the Court finds there are no genuine issues of material fact and Plaintiff is entitled to summary judgment as a matter of law.  Attached to Plaintiff's Complaint is the purchase order of June 24, 2013, from TSI to Plaintiff totaling $469,183.46 on the Northwest project.  Also attached are the invoices from Plaintiff to TSI  for the equipment in the purchase order.  Plaintiff also includes the affidavit of Peggy Malady, President of All Lines, attesting that Plaintiff is owed $469,183.46 for unpaid work on the Northwestern project.  Defendant attaches no evidence challenging the

factual assertions of Plaintiff.  The evidence before the Court demonstrates the purchase order was fulfilled, the project was completed and the client paid the agreed sums presently held by a third party pending resolution of this suit.  Therefore, Defendant has offered no evidence of a genuine issue of material fact.

In its Opposition to Plaintiff's Motion, Defendant cites to a portion of deposition of George Dallas, a principal of TSI, wherein Dallas recounts that the Plaintiff delivered the equipment late, compressing the construction schedule.  Dallas states that emails were exchanged amongst the parties demonstrating that there were contractual delivery dates that were not met by Plaintiff.  However, Defendant points to no evidence of a contractual delivery date and has failed to produce the relevant emails.  Therefore, no evidence supports this testimony of Dallas.  Furthermore, Defendant does not dispute the crucial factual evidence of Plaintiff that the purchase order was fulfilled, the Northwestern project was completed and the customer paid for the services rendered.  Consequently, no genuine issue of fact exists.

Therefore, the Court finds Plaintiff is entitled to summary judgment on Count I of its Amended Complaint in the amount of $469,183.46.  Plaintiff's Amended Complaint requests attorneys fees, costs and statutory interest on this claim but its Motion for Partial Summary Judgment expressly states All Lines is not seeking these additional recoveries as part of its Motion.

Defendant argues that the Court should not grant partial summary judgment when the parties have a number of claims pending against each other for unpaid invoices and set-off is appropriate for damages Defendant claims it is owed under its counterclaims.  The Court

finds this argument unavailing.  As other courts have held "[w]hile claims for set-off and recoupments envision resolution in the same suit, this does not mean that claims which may be offset must be resolved at trial, as opposed to summarily adjudicated on an undisputed record. Rather, a '[c]ourt may grant summary judgment in favor of a moving party, even if there is a possibility of set-off brought about by claims remaining as an issue for litigation.'" *RSM Richter, Inc. v. Behr America, Inc.*, 781 F.Supp.2d 511, 517 (E.D.Mich.,2011) quoting *Marathon Ashland Petro., LLC v. Selker Bros., Inc.,* 2007 WL 1169322 at *3 (N.D.Ohio 2007); *see also, Tennessee Educ. Lottery Corp. v. Smartplay Intern., Inc.,* 2010 WL 4659216 (M.D.Tenn.2010); *Tycoons Worldwide Group v. JBL Supply, Inc.,* 721 F.Supp.2d 194, 203–04 (S.D.N.Y.2010) ("the fact that [defendant] may have a counterclaim against plaintiff does not preclude the entry of summary judgment against [defendant] for the undisputed amount it owes plaintiff").

Plaintiff further asks the Court to order the funds released.  The Court denies the request because the Payment Directive and Release Agreement signed by both parties and offered into evidence by Plaintiff states in pertinent part:

> Whereas, TSI and All Lines have reached a compromise regarding who should hold the $472,717.90 ***pending resolution of the Lawsuit.***..
> (Emphasis added).

Thus, the Agreement contemplates that a third party, Babst, Calland, Clements & Zomnir, P.C. should hold the disputed funds until resolution of Plaintiff's Lawsuit, not an individual claim.  Therefore, the Court shall not order the funds released until all claims are resolved, per the terms of the parties' Agreement.

Therefore, for the foregoing reasons, the Court grants partial summary judgment for Plaintiff on Count I of its Amended Complaint in the amount of $469,183.46.

IT IS SO ORDERED.

                                                  s/ Christopher A. Boyko
                                                  CHRISTOPHER A. BOYKO
                                                  United States District Judge

Dated: January 7, 2015